## ARMSTRONG v. DONNELLY.

### Opinion delivered May 7, 1892.

*Tax sale—Premature return of delinquent list.*

> The fact that the collector made return of lands delinquent for the taxes of 1881 on April 20, 1882, if premature, did not invalidate a sale for such taxes made on June 11, 1883, under the act of January 26, 1883, which extended the time for paying such taxes until April 20, 1883.

Appeal from Miller Circuit Court.

C. E. MITCHEL, Judge.

*Scott & Jones* for appellant.

No substantial right of the tax-payer was violated or infringed, even if the delinquent list was returned one day too early. Gantt's Dig. secs. 5165, 5183. This was a mere irregularity cured by the statute after two years. 46 Ark. 96.

*Arnold & Cook* for appellee.

The return of the delinquent list was premature, and the sale void. 35 Ark. 507; Miller's Digest, sec. 133; 6 Ark. 219.

BATTLE, J. This was an action of ejectment instituted in the Miller circuit court by the appellant against the appellee to recover lot 9 in block 2 in Deutschman's Addition to the Town of Texarkana. As an evidence of his title plaintiff exhibited with his complaint a tax deed

executed by the county clerk of Miller county to appellant on the 28th of July, 1885. It recites that the lot was sold on the 11th of June, 1883, for the non-payment of the taxes of 1881, and is in statutory form.

Appellee denied that he had been in unlawful possession of the lot, and alleged that he was thè lawful owner; and in exceptions to plaintiff's evidence of title attempted to show that the sale for taxes was illegal for many reasons which do not appear in the deed.

Upon the trial of the cause before the court, a jury being waived, the appellant introduced and read his tax deed as evidence without objection; and the appellee proved that the delinquent list of land for the non-payment of the taxes of 1881, in which was the lot in controversy, was returned on the 20th of April, 1882. Considerable other testimony was adduced by appellee, but was excluded by the court upon the objection of appellant. The court found for appellee, holding that the sale for taxes was illegal because the lot was prematurely returned delinquent on the 20th of April, 1882; and rendered judgment accordingly. Was the sale illegal because the delinquent list was returned prematurely?

Conceding that the delinquent list was not returnable until immediately after the 20th of April, 1882, as appellee contends and the court below held, all prejudice to the owner of the lot in controversy thereby was removed by subsequent legislation. On the 26th of January, 1883, the General Assembly, by an act, extended the time allowed for the payment of all unpaid taxes for the years 1880 and 1881 until the 20th of April, 1883, and declared that if such taxes were paid by said day, all penalties for the non-payment thereof should be remitted; and made it the duty of the county clerks of the several counties of this State to immediately re-deliver to the collectors of the counties all lists returned for the years 1880 and 1881 in their respective counties, and to

charge such collectors with the amount thereof, less the penalty and costs due thereon ; and made it the duty of the collectors to collect the taxes due thereon from the parties liable, in the same manner as other taxes due upon the tax books were collected ; and provided that all such taxes which were not paid by the said 20th of April, 1883, should, with the penalties thereon for non-payment, be collected immediately thereafter in the manner *then* provided by law. (Acts of 1883, pp. 3, 7.) The lot in controversy was not sold until the 11th of June, 1883. Under the acts of 1883, referred to above, the owner had from the 26th of January, 1883, until the 20th of April, 1883, in which to pay the taxes. Had he done so, he would have been relieved of the penalty and costs charged against his lot. He was, therefore, not prejudiced by the return of the delinquent list on the 20th of April, 1882, instead of immediately thereafter, and the sale was not illegal on that account.

Reversed and remanded for a new trial.